## CABANNE et al. v. DE WITT.

(Circuit Court of Appeals, Third Circuit. February 16, 1926.)

No. 3377.

Joint-stock companies and business trusts ⬟ 19—Admission in evidence of exhibit in which provision made for plaintiff's claim admissible as tending to show ratification of contract.

In action against trustees on contract for legal services made with one of trustees, admission in evidence of an exhibit (and attending correspondence) purporting to be a contract between plaintiff and defendants for exploitation of motion picture, in which provision was made for payment of plaintiff's claim, was not error, inasmuch as it tended to show ratification of contract sued on.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by Benjamin P. De Witt against William Christy Cabanne and others, trustees of William Christy Cabanne Motion Picture Trust, Limited. Judgment for plaintiff, and defendants bring error. Affirmed.

Burtis S. Horner, of Newark, N. J., and Boyle & Priest and George T. Priest, all of St. Louis, Mo. (Lindabury, De Pue & Faulks, of Newark, N. J., of counsel), for plaintiffs in error.

Benjamin P. De Witt, of New York City (Roger Hinds, of New York City, of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This case was tried (with one additional matter) on substantially the same evidence which, on the previous writ of error, we said was enough to warrant the submission of the case to the jury. 2 F.(2d) 322. The issue at the first trial, as at the second, concerned the liability of the defendants, as principals, on a contract made by their agent with the plaintiff, based primarily on their authorization and secondarily on their ratification of his acts. As against the judgment of nonsuit we found there was sufficient evidence to justify the jury rendering a verdict for the plaintiff on the ground of authorization. That issue was also submitted at the trial under review and to this aspect of the judgment entered on the verdict (which may have been rendered on that issue) no assignments of error are directed.

The defendants' grievance is reflected in a series of assignments of error relating to one thing, which was the action of the court in admitting in evidence a certain exhibit (and the attending correspondence) purporting to be a contract between the defendants and the plaintiff for the exploitation of a picture in which provision was made for payment of the plaintiff's claim. This evidence had nothing to do with the issue of authorization. It had only to do with the issue of ratification. We think the court did not err in admitting it, for while it does not show ratification conclusively, there is enough in it to show that the defendants knew of the plaintiff's claim and, with that knowledge, provided for its payment. To this extent the instrument (and the pertinent correspondence), taken in connection with all the other facts in the case, had an evidential bearing on the issue of ratification. It was not much, but it was something. Except for errors assigned in admitting this instrument (and correspondence) and in refusing to charge the point submitted in reference to it, the judgment stands unattacked.

Having considered the matter in the varied aspects urged by the plaintiffs in error, we find the judgment must be affirmed.